Paul **COOK** and Falcon Communications Corp., Plaintiffs,

v.

**NASD REGULATION, INC.,** Defendant.

No. Civ.A. 98–WY–1552–AJ.

United States District Court, D. Colorado.

Oct. 8, 1998.

Jeffrey J. Scott, Scott & Associates, PC, Denver, CO, for plaintiffs.

Betty Grace Brooks, Nat. Ass'n of Securities Dealers, Inc., Office of General Counsel, Washington, DC, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

JOHNSON, District Judge.

NASD Regulation, Inc.'s Motion and Memorandum to Dismiss the Complaint and Opposition to Application for Preliminary Injunction, the plaintiffs' response thereto, and NASDR's further reply came before the Court for consideration, having been submitted to the Court upon the parties' written submissions. The Court has reviewed the motion, the file, the supporting memoranda of the parties, the applicable law and is fully advised in the premises. For reasons to be discussed, the Court finds that the defendant's Motion to Dismiss should be GRANTED.

### Background

The plaintiffs are, respectively, a Colorado citizen and a Colorado corporation; defendant (National Association of Securities Dealers) NASD Regulation is a Delaware corporation with its principal place of business in Washington, D.C. Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff Cook complains that he and his corporation opened a securities brokerage account with The Harriman Group Inc. (HGI), a securities broker-dealer in New York, and invested substantial sums of money in stocks sold by HGI. After he lost a substantial amount of his investment capital because of the broker-dealer's wrongdoing, Cook began an arbitration proceeding by filing a statement of claim with NASD Regulation ("NASDR"), naming HGI and its control persons as respondents. An arbitration hearing was held in Denver and on May 14, 1998, the NASDR arbitration panel entered an arbitration award in the amount of $243,173.00 in favor of Cook and Falcon Communications. (The award is for $194,373 in actual damages; $45,000 attorney's fees and $3,800 in costs.) The arbitration award provides that HGI and Mark Hanna[1] are jointly and severally liable to plaintiffs. Pursuant to Rule 10330(h) of the NASD Code of Arbitra-

tion procedure, that arbitration award was to paid be within thirty days; the complaint alleges the award has not yet been paid.

Before the arbitration hearing, NASDR had initiated a separate disciplinary hearing against HGI, Hanna and another control person of HGI, Brian Scanlon, alleging wrongful conduct in regard to the same stocks sold to Cook. Cook was contacted by letter March 3, 1998, by the NASDR Enforcement Attorney. The letter informed Cook of the disciplinary hearing and advised that NASDR would request the hearing panel to require the respondents to restitute investors harmed by the misconduct of respondents. Cook was also informed that he was within a class of investors covered by that disciplinary complaint.

On May 26, 1998, Cook's attorney informed the NASDR Enforcement Attorney in charge of the disciplinary proceeding against HGI and Hanna of the arbitration award in favor of Cook and provided NASDR a copy of the award. During this period of time, NASDR was conducting settlement negotiations with Hanna and the other respondents. On June 17, 1998, NASDR entered its Order Accepting Offer of Settlement in the disciplinary proceeding, in which Hanna and Scanlon agreed to pay money to NASDR for the purpose of making restitution to investors. Hanna paid $100,000 and Scanlon paid $650,000 to NASDR pursuant to that settlement. NASDR holds the settlement proceeds for distribution to investors. The NASDR settlement agreement with Hanna and Scanlon also includes a confession of judgment to be entered in the event that either Hanna or Scanlon have funds available in excess of the settlement amount and a provision giving NASDR the ability to obtain a judgment for the full amount of the $5 million fine set forth in the settlement agreement.

NASDR has refused plaintiffs' demand to pay to them the amount of the plaintiffs' arbitration award out of the $750,000 paid to NASDR in settlement by Hanna and Scanlon. In the instant action, plaintiffs seek

---

1. Brian Scanlon, who is to contribute $650,000 to an escrow settlement for restitution to public investors, discussed more fully in subsequent portions of this order, was also a respondent to the arbitration proceeding, but entered into a separate settlement. Defendant's moving papers states that it believes plaintiff released Scanlon as part of their settlement agreement.

imposition of a constructive trust, arguing that NASDR unfairly holds the money paid in settlement by Hanna and Scanlon and that NASDR should be required to convey the entire arbitration award amount to plaintiffs. Plaintiffs also seek a declaratory judgment as to the rights and obligations of the parties and an injunction preventing NASDR from disbursing the funds until the instant complaint is resolved.

NASDR has filed a motion to dismiss the complaint and opposing the preliminary junction. It argues that the Court does not have subject matter jurisdiction for plaintiffs' failure to exhaust administrative remedies available to them at the Securities and Exchange Commission; that indispensable parties have not been named; and that the requirements for a preliminary injunction have not been met.

NASDR argues that the settlement of the disciplinary proceeding benefits the public by resulting in an additional $950,000 for payment to defrauded public investors who were not parties to the plaintiffs' arbitration award. The entire amount in the escrow account is to be paid exclusively to public investors pursuant to an administrative process for distribution of funds. None of the funds will revert back to the settling parties. NASDR anticipates that eligible claims for restitution will exceed the $950,000 in available restitution funds and that payments to investors will be made on a pro rata basis, with no monies from the funds going to NASDR.

NASDR argues there is no justiciable controversy or case yet between it and plaintiffs. Defendant has not yet begun distributing funds from the escrow account and has not yet confirmed or denied claims for restitution of actual losses. Plaintiffs have other administrative remedies available, i.e., petitioning the SEC which has plenary oversight and primary jurisdiction to remedy acts and omissions of self-regulatory organizations requiring aggrieved persons to exhaust administrative remedies at the SEC before seeking judicial review exclusively before a United States Court of Appeal, citing 15 U.S.C. § 78y.

NASDR also argues that indispensable parties have not been joined in this action, i.e., those parties possessing the settlement monies and all other public investors eligible to recover from the settlement funds whose interests could be adversely affected by an order granting any relief sought for the benefit of these plaintiffs alone. Defendant argues there is no cause of action against NASDR for violations of Sections 15A and 19 of the Exchange Act or National Association of Securities Dealers Rules, citing authority holding that there is no express or implied private right of action for violations of Sections 15A and 19 of the Exchange Act or NASD Rules. Additionally, the defendant asserts NASDR is immune from liability while operating in a regulatory and disciplinary capacity. NASDR seeks to have this Court, in the exercise of its discretion, deny declaratory relief sought by plaintiffs, especially when so many public investors and other parties in interest are not present before the Court.

Defendant contends that plaintiffs have an adequate remedy at law. Plaintiffs may reduce the arbitration award to judgment and levy against the assets of the two respondents against whom they obtained an arbitration award, HGI and Hanna. Additionally, only $100,000 of the escrow settlement was contributed by Hanna, an individual against whom the plaintiffs received an arbitration award. Plaintiffs appear to be eligible to participate in the settlement on a pro rata basis, but have offered no reason why the entire amount of the plaintiffs' losses, attorney's fees and costs should be paid first and in full from settlement funds paid for actual investment losses by similarly situated public investors rather than recovering equally on a pro rata basis with the other defrauded investors.

Plaintiffs have responded by asserting that NASDR has complete control over the settlement escrow account. When NASDR accepted the settlement offer from Hanna, it knew he had no funds available to pay plaintiffs' arbitration award. Plaintiffs assert they have stated a claim for constructive trust—an equitable remedy—based upon NASDR's bad faith in arranging for the payment to NASDR of settlement amounts by some of the respondents named in plaintiffs'

arbitration claim. Plaintiffs argue NASDR was their fiduciary in regard to collection of the arbitration award, and that it is bound by its own rules which require payment of an award. Plaintiffs assert administrative relief is futile. "Neither NASDR, or the Securities and Exchange Commission to whom NASDR contends this issue must be brought, has any expertise in determining whether this common law equitable doctrine should be applied to the facts of this case." Plaintiffs state the relief they seek is equitable in nature and does not arise under the Exchange Act and that no requirement of exhaustion of remedies by appeal to the SEC exists.

Plaintiffs also asserts that joinder of the public customers eligible to receive distributions from the escrow account is not necessary for the Court to order complete relief. The public customers were not parties to the disciplinary proceeding giving rise to the Settlement Order entered into by NASDR after the plaintiffs obtained their arbitration award. The bank escrow agent was not a party to the disciplinary proceeding. Joinder is not feasible because no prejudice results, as NASDR stands *in loco parentis* in regard to public customers and can represent their interests at trial. The Court can avoid prejudice by shaping relief and including other protective provisions in the judgment. NASDR is alleged to have acted in bad faith by breaching its duty to plaintiffs, by the wrongful taking of money to which plaintiffs are entitled, and also by acting in its own self-interest.

### Standard for Motions to Dismiss

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. A motion to dismiss pursuant to Rule 12(b)(6) may be granted for failure to state a claim upon which relief can be granted. A dismissal under Fed.R.Civ.P. 12(b)(6) will be upheld when it appears that the plaintiff can prove no set of facts in support of the claim(s) that would entitle her to relief, accepting all well pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 896–897 (10th Cir. 1997), citing and quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir.1997) (in turn quoting *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir.1996)), cert. denied, —— U.S. ——, 118 S.Ct. 55, 139 L.Ed.2d 19 (1997).

### Discussion

The Court finds that the defendant's arguments are the more persuasive and that the plaintiffs' complaint should be dismissed. The plaintiffs' claim that it is futile to seek administrative remedies and that exhaustion should not be required is without merit. In substance, plaintiffs' complaint seeks to challenge the activities and conduct of NASDR in settling the disciplinary complaint which led to the creation of the fund for restitution of defrauded public investors. This function was performed as a part of NASDR's regulatory duties as a properly authorized participant in the comprehensive federal securities regulatory scheme. NASDR is a wholly owned subsidiary of the NASD, a self-regulatory organization operating under the authority and supervision of the federal securities laws.[2] These federal laws provide for oversight and a comprehensive review process of disciplinary proceedings by the SEC. Persons who believe they have been aggrieved by the use of existing SEC-approved NASDR rules providing for the use of offers of settlement and imposition of sanctions may petition the SEC with respect to those rules. 15 U.S.C. § 78s(c). The SEC has plenary oversight and primary jurisdiction to remedy the acts and omissions of self-regulatory organizations such as NASD. Aggrieved persons must exhaust administrative remedies at the SEC before seeking review before a United States Court of Appeals, not a

---

**2.** NASD is registered with the SEC as a national securities association pursuant to the provisions of the Maloney Act, 15 U.S.C. § 78o–3 et seq, which is an amendment to the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk. The purpose of NASD, through its wholly owned subsidiary NASD Regulation, is to provide self-regulation of the over the counter securities market and its participants. An application for registration by a national securities association, such as NASD, is not approved by the SEC unless its by-laws and rules meet criteria set forth in the Act, 15 U.S.C. § 78o–3(b). Approval of by-laws and regulations by the SEC is a prerequisite to obtaining authority under the Act.

United States District Court. 15 U.S.C. § 78y.

Plaintiffs' attempt to bring this action, which they have styled as an equitable action seeking a constructive trust, is little more than an attempt to circumvent or attack collaterally in the district court issues which must be first challenged at the SEC level, with further review available at the Court of Appeals level. It is the SEC that is required, in the first instance, to determine whether a self-regulatory organization such as NASD, is discharging properly its duties and responsibilities in compliance with all applicable rules, regulations and federal law.

Plaintiffs also have available to them mechanisms that allow for enforcement of the arbitration award. They may pursue payment of that arbitration award by obtaining a judgment and levying against the assets of HGI and Hanna. They have offered no reason to this Court that sufficiently explains why they have not attempted to enforce the arbitration award. Additionally, plaintiffs have been advised by NASDR that they are within the class of investors that may be entitled to a pro rata distribution from the settlement funds held by NASDR that were obtained from Hanna and others in the separate disciplinary proceeding. Plaintiffs may also complain to the SEC if they feel that NASDR has failed to discharge its duties or has failed to act in a manner consistent with the purposes of the Exchange Act and in accordance with the rules of the SEC. Plaintiffs have not attempted to obtain relief by the use of these other available remedies. Plaintiffs do not explain to the satisfaction of this Court why they should be permitted to recover the full amount of the arbitration award out of the settlement fund to the detriment of other defrauded public investors who may also be entitled to receive distributions from the settlement fund.

Because the Court has determined it is without jurisdiction to entertain plaintiffs' complaint, the Court declines the invitation to consider the remaining issues that have been raised by the parties in their moving papers. The defendant's motion to dismiss should be granted for the foregoing reasons. It is therefore

**ORDERED** that the defendant's Motion to Dismiss shall be, and is, **GRANTED.** It is further

**ORDERED** that the plaintiffs' complaint shall be, and is, **DISMISSED.**